**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WESTPORT INSURANCE CORPORATION** | * | **NO. 2:11-cv-02741** |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | **JUDGE JAY C. ZAINEY** |
| | * | |
| **PREIS & ROY, P.L.C.,** | * | |
| **Defendant** | * | **MAG. SALLY SHUSHAN** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**</u>

Defendant, Preis & Roy, P.L.C. ("Preis & Roy"), submits the following in response to the Complaint for Rescission filed by Westport Insurance Corporation ("Westport"):

<u>**ANSWER**</u>

**1.**

Preis & Roy admits that Westport issued a Customized Practice lawyers professional liability policy to Preis & Roy for the period June 30, 2006 to June 30, 2007, but denies the remaining allegations of paragraph.

**2.**

Preis & Roy denies the allegations of paragraph 2 for lack of information sufficient to justify a belief therein.

**3.**

Preis & Roy admits the allegations of paragraph 3.

**4.**

Paragraph 4 states a legal conclusion and therefore does not require a response.

**5.**

Paragraph 5 states a legal conclusion and therefore does not require a response.

**6.**

Preis & Roy denies the allegations of paragraph 6 to the extent that it references a written document which is the best evidence of its contents.

**7.**

Preis & Roy admits the allegations of paragraph 7.

**8.**

Preis & Roy admits the deBlanc was employed by it from March 2004 to early 2006.  Preis & Roy, however, is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8.

**9.**

Preis & Roy admits the allegations of paragraph 9.

**10.**

Preis & Roy admits the allegations of paragraph 10.

**11.**

Preis & Roy denies the allegations of paragraph 11 to the extent that it references written documents which are the best evidence of their contents.

**12.**

Preis & Roy denies the allegations of paragraph 12 to the extent that it references a written document which is the best evidence of its contents.

**13.**

Preis & Roy denies the allegations of paragraph 13 to the extent that it references a written document which is the best evidence of its contents.

**14.**

Preis & Roy denies the allegations of paragraph 14 to the extent that it references a written document which is the best evidence of its contents.

**15.**

Preis & Roy admits the allegations of paragraph 15.

**16.**

Preis & Roy denies the allegations of paragraph 16 to the extent that it references written documents which are the best evidence of their contents.

**17.**

Preis & Roy denies the allegations of paragraph 17 as written.   In further answering, Preis & Roy avers that it reported the existence of a claim to Westport on May 10, 2007 when it became aware that the Underwriters intended to pursue claims against Preis & Roy.

**18.**

Preis & Roy denies the allegations of paragraph 18 to the extent that it references a written document which is the best evidence of its contents.

**19.**

Preis & Roy denies the allegations of paragraph 19 to the extent that it references a written document which is the best evidence of its contents.

**20.**

Preis & Roy denies the allegations of paragraph 20 to the extent that it references written documents which are the best evidence of their contents.

**21.**

Preis & Roy denies the allegations of paragraph 21 to the extent that it references a written document which is the best evidence of its contents.

**22.**

Preis & Roy denies the allegations of paragraph 22 to the extent that it references a written document which is the best evidence of its contents.

**23.**

Preis & Roy admits the allegations of paragraph 23.

**24.**

Preis & Roy denies the allegations of paragraph 24.

**25.**

Preis & Roy denies the allegations of paragraph 25. Westport has waived its coverage defenses by assuming Preis & Roy's defense for three years, with knowledge of the alleged facts purportedly indicating noncoverage under the insurance policy, without reserving its alleged coverage defense. Preis & Roy specifically denies that it had prior knowledge of National Union's potential malpractice action and specifically denies that it failed to properly disclose that information to Westport.

**26.**

Preis & Roy denies the allegations of paragraph 26 to the extent that it references a written document which is the best evidence of its contents.

**27.**

Preis & Roy denies the allegations of paragraph 27 to the extent that it references a written document which is the best evidence of its contents.

**28.**

Preis & Roy denies the allegations of paragraph 28 to the extent that it references a written document which is the best evidence of its contents.

**29.**

Preis & Roy denies the allegations of paragraph 29 to the extent that it references a written document which is the best evidence of its contents.

**30.**

Preis & Roy denies the allegations of paragraph 30 to the extent that it references a written document which is the best evidence of its contents.

**31.**

Preis & Roy denies the allegations of paragraph 31 to the extent that it references a written document which is the best evidence of its contents.

**32.**

In response to paragraph 32, Preis & Roy realleges and incorporates its responses to the preceding paragraphs.

**33.**

Preis & Roy denies the allegations of paragraph 33.

**34.**

Preis & Roy denies the allegations of paragraph 34.

**35.**

Preis & Roy denies the allegations of paragraph 35 as written.  Preis & Roy avers that the information contained in its application was not false.

**36.**

Preis & Roy denies the allegations of paragraph 36.

**37.**

Preis & Roy admits that it is a sophisticated law firm experienced in insurance coverage issues and that its application should contain full and complete answers but denies that its application contained any false information.

**38.**

Preis & Roy denies the allegations of paragraph 38.

**39.**

Preis & Roy denies the allegations of paragraph 39 to the extent that they state a legal conclusion and for lack of information sufficient to justify a belief therein.

**40.**

The final, unnumbered paragraph of the Complaint for Rescission is a prayer for relief and, as such, does not require an answer.  To the extent that an answer is required, Preis & Roy denies that it is liable to Westport for any of the relief sought and denies that Westport is entitled to any of the relief sought in the Complaint for Rescission including rescission of the insurance policy.

## AFFIRMATIVE DEFENSES

AND NOW, ANSWERING IN THE AFFIRMATIVE, DEFENDANT STATES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to set off against any recovery plaintiff obtains for amounts owed by plaintiff to defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, satisfaction, ratification and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, if any, which it may have sustained.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent that plaintiff is found to have breached the insurance policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by virtue of the Counterclaim set forth herein on behalf of defendant.

## COUNTERCLAIM AGAINST WESTPORT INSURANCE CORPORATION

AND NOW, IN THE ROLE OF PLAINTIFF IN COUNTERCLAIM, PREIS & ROY, PLC, STATES AS FOLLOWS:

### PARTIES

**1.**

Plaintiff, Preis & Roy, PLC ("Preis & Roy") is a professional law corporation duly organized and existing under the laws of the State of Louisiana, having its principal place of business in the Parish of Lafayette, State of Louisiana.

**2.**

Defendant, Westport Insurance Corporation ("Westport"), is foreign insurer domiciled in the State of Missouri, having its principal place of business in Overland Park, Kansas.

### VENUE

**3.**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### JURISDICTION

**4.**

This Court has original and supplemental jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367(a).

### FACTUAL ALLEGATIONS

**5.**

Plaintiff-in-counterclaim, Preis & Roy, is a professional law corporation.

**6.**

Plaintiff-in-counterclaim, Preis & Roy, had uninterrupted professional liability insurance coverage with defendant, Westport, for approximately 12 years from 1998 through June 30, 2009.

**7.**

Westport issued a professional liability insurance policy to Preis & Roy bearing policy number WLW308004446501 ("the Policy").

**8.**

At the time the claim at issue in this litigation was first made, Preis & Roy was insured by Westport under a renewal of the Policy with a Policy Period of June 30, 2006 to June 30, 2007.  *See* Exh. "A," attached to the Amended Complaint (Rec. Doc. 2).  The premium charged to Preis & Roy was $68,894 for $10 million in coverage with a $25,000 deductible.

**9.**

The Policy obligates Westport to provide coverage for lawyer's professional liability as follows:

> The Company shall pay on behalf of any INSURED all LOSS in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, if any;

*See* Exhibit "A," attached to the Amended Complaint (Rec. Doc. 2) attached, "Lawyers Professional Liability Coverage Unit," §I(A).  The Policy limit for lawyers' professional liability coverage is set at $10,000,000.  *Id.*, "Declarations."

**10.**

The term "CLAIM" is defined in the Policy as:

a demand made upon any INSURED for LOSS, as defined in each of the attached COVERAGE UNITS, including but not limited to, service of suit or institution of arbitration proceedings or administrative proceedings against any INSURED;

*Id.*, "General Terms and Conditions," §XV(A).

**11.**

The Policy further obligated Westport to provide a defense, as follows:

As respects such insurance as is afforded by this COVERAGE UNIT, the Company shall: … have the right and duty to select counsel and arbitrators and to defend any CLAIM for LOSS against any INSURED covered by Insuring Agreement I.A., even if such CLAIM is groundless, false or fraudulent, and shall have the right to make such investigation, negotiation and settlement, subject to Section II.B. below, of any CLAIM as it deems expedient;

*Id.*, "Defense, Investigation and Settlement of Claims," §II(A).

**12.**

The Policy also obligated Preis & Roy to provide notice of a claim as follows:

As a condition precedent to coverage under this COVERAGE UNIT, if a CLAIM is made against any INSURED, or any INSURED becomes aware of any CLAIM, the INSURED(S) shall, as soon as practicable, but no later than sixty (60) days after termination of the POLICY PERIOD, provide written notice to the Company, provided that coverage under this COVERAGE UNIT shall not be denied or forfeited solely as a result of the failure of the INSURED to provide such notice as soon as practical, unless such notice is provided later than sixty (60) days after termination of the POLICY PERIOD or the Company proves actual prejudice as a result of the failure of the INSURED to provide such notice. However, breach of this condition shall not result in a denial of coverage with respect to any INSURED who had no knowledge of the CLAIM. …

*Id.*, "Lawyers Professional Liability Coverage Unit," §III.

**13.**

During the many years that Preis & Roy was insured by Westport, Westport paid no defense costs or claims on behalf of Preis & Roy until the present issues arose in June of 2007.

**14.**

On May 1, 2007, National Union Fire Insurance Company ("National Union") sent a demand letter to Preis & Roy in connection with the former representation of National Union by former Preis & Roy employee, Michael deBlanc, Jr., in the matter entitled *Andry, et al v. Murphy Oil USA, Inc.*, 34th JDC No. 77-132.

**15.**

On May 10, 2007, Preis & Roy notified Westport in writing of the potential claim and forwarded to Westport a copy of National Union's May 1, 2007 demand letter.  *See* Exhs. "1" and "1-A," attached hereto.  Therein, Preis & Roy informed Westport that "Mr. deBlanc came to our firm March 1, 2004.  He left our firm January 3, 2006."  *Id.*

**16.**

The May 1, 2007 demand letter was the first demand made by National Union in connection with the alleged legal malpractice and no prior demands had been made to Preis & Roy by National Union.

**17.**

*Andry* was a consolidation of multiple class action lawsuits arising out of an explosion and fire that occurred on July 27, 1995 at a refinery owned and operated by Murphy Oil USA, Inc. ("Murphy Oil"), located in Meraux, Louisiana.

**18.**

At the time of the explosion and fire, National Union and other insurers (the "Underwriters"), represented by Mr. deBlanc, provided property and business interruption coverage for the refinery.  Murphy Oil filed third party demands in the *Andry* suit against Walworth, ARCO, and Entergy contending these parties to be at fault for the explosion.

**19.**

The Underwriters paid $5.1 million in property damages to Murphy Oil and filed a separate subrogation action, No. 79-581, against the third-parties and also intervened in the *Andry* suit on a theory of subrogation to Murphy Oil's rights by virtue of the payments. Thereafter, the defendants settled with the class action plaintiffs, leaving only the third party claims.

**20.**

The Underwriters and Murphy Oil entered a settlement agreement wherein Underwriters would receive 35% and Murphy Oil 65% of any settlement or judgment against the third party defendants.

**21.**

Murphy Oil then took over the lead in prosecuting the case and a final Judgment was entered on July 21, 2004, awarding $16 million in damages to Murphy Oil for insured and uninsured losses.  The Judgment was reversed in part by the Louisiana Fourth Circuit Court of

Appeal on June 14, 2006 which vacated the damages for insured losses.  The Louisiana Supreme

Court denied Murphy Oil's writ application on December 8, 2006.

**22.**

In its May 1, 2007 demand letter, National Union contended that Mr. deBlanc

committed numerous acts of legal malpractice stemming from entry of a Judgment on July 21,

2004 in the *Andry* matter and the subsequent June 14, 2006 partial reversal of that Judgment by

the Louisiana Fourth Circuit Court of Appeal.  *See* Exh. "1-A," attached hereto.  National Union

claimed:

> On appeal, as you are likely aware, the Fourth Circuit held on June
> 14, 2006, that the [July 21, 2004] Judgment, among other things,
> improperly awarded damages for monies paid for the class action
> settlement because no evidence establishing the appropriateness of
> those sums paid was introduced.  **For some unexplained reason,
> the separate subrogation caption (No. 79-581) was NOT
> identified in the caption of the Judgment entered by the
> District Court on July 21, 2004, and the Judgment itself failed
> to refer to the insurers or their separate subrogation action**.
> These errors and omissions occurred while Mr. deBlanc, acting in
> the course and scope of his employment with your firm, was
> responsible for the file, and they ultimately became fatal to the
> recovery by National Union of its subrogated interest.

*Id.* (emphasis added).

**23.**

As Preis & Roy informed Westport in its May 10, 2007 letter, "the matters

referred to in the [May 1, 2007] complaint letter are … still in litigation" and Preis & Roy

expressed its sincere belief that the issues "will be resolved at the appeal level."  *See* Exh. "1."

**24.**

Nonetheless, as permitted under the Policy, Preis & Roy put Westport on notice of this "potential claim," although it was "hopeful that this matter will not come to a claim." *See* Exh. "1."

**25.**

Unfortunately, the trial court in the separate subrogation action, No. 79-581 held that the Underwriters' claims were barred by *res judicata* as a result of the appellate decision in the *Andry* matter. Consequently, the Underwriters appealed to the Louisiana Fourth Circuit Court of Appeal.

**26.**

Thereafter, on June 5, 2007, National Union filed a legal malpractice suit against Mr. deBlanc and Preis & Roy bearing case number 07-531 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "National Union lawsuit").

**27.**

On June 15, 2007, Preis & Roy notified Westport of the National Union lawsuit in writing as required by the Policy and forwarded to Westport a copy of the lawsuit. *See* Exh. "2," attached hereto.

**28.**

In its lawsuit, National Union contends, among other things, that:

XV.
Neither the [July 21, 2004] Judgment nor Reasons for Judgment [entered by the Andry trial court] awarded any damages to the Underwriters [i.e. National Union], notwithstanding their joinder/intervention and interest in the claims on which the Judgment was rendered. *Id.* In fact, those pleadings did not even identify the Underwriters or their interest in the subject claims .…

### XVI.

Entergy appealed the [July 21, 2004] Judgment … to the Louisiana Fourth Circuit Court of Appeals ("Fourth Circuit").  On June 14, 2006, the Fourth Circuit issued its decision … reduc[ing] the amount of the Judgment against Entergy to $1,218,396.40, that sum representing the 40% of Murphy Oil's stipulated uninsured losses.

…

### XXV.

As a proximate result of the deficiencies in the Judgment and Reasons for Judgment, the rights of National Union to recover a portion of the sums paid by it to Murphy Oil for its insured losses were extinguished.  But for the acts and omissions of deBlanc as described herein, National Union would have recovered those sums from Entergy in the Andry suit.

…

### XXVII.

DeBlanc's acts and omissions as described herein occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis.  As such, Preis is vicariously liable for any and all damage suffered by National Union as a proximate result of deBlanc's negligent conduct.

…

### XXIX.

After the faulty Judgment and Reasons for Judgment were entered by the Andry trial court, deBlanc made no effort to have the critical deficiencies in those pleadings remedied. …

…

### XXXI.

As a proximate result of deBlanc's failure to attempt to remedy the deficiencies in the Judgment and Reasons for Judgment, the rights of National Union to recover a portion of the sums paid by it to Murphy Oil for its insured losses were extinguished.  But for the acts and omissions of deBlanc as described herein, National Union would have recovered those sums from Entergy in the Andry suit.

…

XXXIII.

DeBlanc's failure to attempt to remedy the deficiencies in the
Judgment and Reasons for Judgment occurred while he was acting
in the course and scope of his employment with Preis, and in
furtherance of the business interests of Preis.  As such, Preis is
vicariously liable for any and all damage suffered by National
Union as a proximate result of deBlanc's negligent conduct.

*See* Exh. "2-A."

**29.**

In or around June of 2007, Westport assumed the defense of Preis & Roy in the

National Union lawsuit, retained counsel on Preis & Roy's behalf, and continuously has

defended Preis & Roy since that time.  Westport initially did not assert any particular coverage

defenses or issue a reservation of rights.

**30.**

On June 30, 2007, Westport renewed the Policy for another term for June 30,

2007 through June 30, 2008.  The premium charged to Preis & Roy was $78,008 for $10 million

in coverage with a $25,000 deductible.

**31.**

On June 30, 2008, Westport again renewed the Policy for another term for June

30, 2008 through June 30, 2009.  The premium charged to Preis & Roy was $79,315 for $10

million in coverage with a $25,000 deductible.

**32.**

On May 14, 2009, nearly two years after assuming Preis & Roy's defense,

Westport issued its first reservation of rights letter to Preis & Roy.  *See* Exh. "3," attached

hereto.

**33.**

Therein, Westport contends that the National Union lawsuit, a copy of which it indisputably possessed since June of 2007, "alleges legal malpractice in connection with the Judgment that was entered in July of 2004 … [and] legal malpractice in connection with the class action settlement (which occurred in 2002) and in connection with the Andry suit (which also occurred prior to 2002). *Id.* Westport contended that any wrongful acts of Mr. deBlanc which occurred prior to his employment with Preis & Roy on "3/1/2004" are not covered pursuant to "Exclusion C" of the Policy. *Id.*

**34.**

The May 14, 2009 reservation of rights letter asserted no other coverage defenses and expressly stated that "Westport will continue to provide you a defense …." *Id.*

**35.**

The alleged information upon which Westport based its May 14, 2009 reservation of rights was known to Westport at least since June 15, 2007. However, because Preis & Roy would not be legally liable for any negligence of Mr. deBlanc that occurred prior to his employment with Preis & Roy, Preis & Roy was not concerned by the May 14, 2009 reservation of rights.

**36.**

Westport offered to renew the Policy again in 2009, but Preis & Roy elected not to renew with Westport and obtained malpractice coverage elsewhere in June, 2009.

**37.**

After Preis & Roy declined to renew its coverage, Westport's position changed drastically.

**38.**

On March 16, 2010, *nearly three years after first being notified of the claim*, Westport sent a second reservation of rights letter to Preis & Roy.  *See* Exh. "4," attached hereto. Therein, Westport claimed that it may decline coverage under the Policy and seek reimbursement of the defense costs expended in accordance with the following exclusion:

> This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from … Any act, error, omission, circumstance or PERSONAL INJURY occurring prior to the effective date of this POLICY if any INSURED **at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM**;

*See* Exh. "A," attached to Amended Complaint, (Rec. Doc. 2) "General Terms and Conditions," §XIV(B) (emphasis added).

**39.**

Notably the term "effective date" is not defined anywhere in the Policy and, as stated above, Preis & Roy had been insured continuously by Westport or its predecessor since 1998.

**40.**

In the March 16, 2010 reservation of rights letter, Westport claimed that Mr. deBlanc and others in Preis & Roy's firm knew as early as 2004 of the existence of a "possible malpractice situation" but failed to report a claim until 2007, thereby triggering Exclusion B. *See* Exh. "4."

**41.**

Westport alleges that it learned in discovery conducted during the National Union lawsuit that Mr. deBlanc and Mr. Frank Piccolo, a partner with Preis & Roy, knew "that the

viability of the plaintiff's subrogation claim in the underlying case 'Newell Andry, et al v. Murphy Oil USA et al' was in jeopardy after the trial court entered a judgment [on July 21, 2004] in favor of Murphy Oil which failed to address or reference the claims of the underwriters, namely Zurich, National Union, INA and Reliance."   *Id.*

**42.**

Westport further alleges that it learned in discovery conducted during the National Union lawsuit that Mr. deBlanc was "aware[ ] of problems associated with the underwriter's claims against Entergy in 2005 that could result in the law firm being sued."   *Id.*

**43.**

Westport contends that these alleged facts "serve to create a coverage issue under the policy" and trigger the above-referenced Exclusion B.   *Id.*   Thus, Westport advised, "[b]ecause this coverage issue exists, Westport will be handling the AIG Claim under a full reservation of rights."   *Id.*   Westport further advised Preis & Roy that it should retain "independent counsel" for the coverage issue at its own cost.   *Id.*

**44.**

On March 19, 2010, Preis & Roy responded to Westport's March 16, 2010 reservation of rights letter, disagreeing in the strongest terms with Westport's position.   *See* Exh. "5," attached hereto.   Preis & Roy denies that Exclusion B is applicable under the facts. Moreover, as Preis & Roy noted therein, Westport has long been aware of the full chronology of events in connection with National Union's claim, yet waited three years to assert this purported coverage defense.   *Id.*   Preis & Roy demanded that Westport withdraw its reservation of rights, but Westport has refused.   *Id.*

**45.**

Without question, the allegedly "new" information on which Westport based the March 16, 2010 reservation of rights was discernible from National Union's initial demand letter and petition, *both of which were provided to Westport in May and June of 2007.  See* Exhs. "1-A" and "2-A."

**46.**

In its lawsuit, National Union states that the alleged acts of malpractice from which its claims arise occurred on or after the entry of the July 21, 2004 Judgment and its later reversal by the Fourth Circuit Court of Appeal.  *See* Exh. "2-A" ¶¶XV, XVI, XXV, XXVII, XXIX, XXXI, and XXXIII.

**47.**

Yet, despite Westport's knowledge that the alleged acts giving rise to the claim occurred in 2004, Westport assumed the defense of the National Union lawsuit *without reserving its rights on the basis of Exclusion B or asserting any other coverage defenses.*

**48.**

Since issuing its March 16, 2010 reservation of rights letter, Westport has refused to negotiate in good faith towards resolution of the claims.

**49.**

Moreover, Westport now seeks, in the present litigation, to rescind the Policy, based on the same allegedly "new" information it contends was revealed in discovery in the National Union lawsuit.  *See* Rec. Doc. 2, ¶¶24-25.

**50.**

Under the facts, Westport has waived its coverage defenses by assuming Preis & Roy's defense for three years, with knowledge of the alleged facts purportedly indicating noncoverage under the insurance policy, without reserving its coverage defense.

**51.**

Further, Exclusion B is inapplicable under the facts as Preis & Roy did not know, and could not have reasonably foreseen, that National Union would assert a malpractice claim prior to the time that National Union first notified Preis & Roy of the claim on May 1, 2007, which Preis & Roy promptly reported on May 10, 2007.

**52.**

Moreover, Westport has waived its right to seek rescission of the Policy because it renewed the Policy twice and continued to accept premiums from Preis & Roy for two years after receiving knowledge of the alleged facts purportedly creating a power of avoidance or privilege of forfeiture.

**53.**

Further, Westport's recalcitrance and failure to deal with Preis & Roy in good faith have greatly increased Preis & Roy's exposure to liability.  Thus, in the event that Preis & Roy is cast in judgment in the National Union lawsuit, Preis & Roy is entitled to indemnification from Westport.

## COUNT I:  DECLARATORY JUDGMENT

**54.**

Preis & Roy adopts, realleges, and incorporates the preceding allegations of this Counterclaim as if copied herein *in extenso*.

**55.**

There are actual and substantial controversies regarding the Policy issued by Westport to Preis & Roy including:  (1) whether Westport has waived its alleged coverage defenses by failing to timely reserve its rights; (2) whether the Policy provides coverage for the claims asserted against Preis & Roy by National Union; (3) whether National Union's claims are excluded under the Policy; (4) whether Westport has waived its alleged right to rescind the Policy because it has renewed the policy and accepted premiums from Preis & Roy after receiving knowledge of the alleged facts purportedly creating the power to rescind; and (5) whether Westport is obligated to indemnify and defend Preis & Roy for any amounts it is held liable to National Union.

**56.**

These controversies can and should be resolved by judicial declaration, by a finding that:

a.      Westport has waived its asserted coverage defenses by failing to timely reserve its rights;

b.      The claims asserted by National Union against Preis & Roy are covered by the Westport Policy;

c.      The claims asserted by National Union against Preis & Roy are not excluded under the Westport Policy;

d.      Westport has waived its right to seek rescission of the Policy through subsequent renewal and acceptance of premiums; and

e.      Westport is obligated to defend and indemnify Preis & Roy for any and all damages, costs or other amounts, in excess of the deductible, for which Preis & Roy is held liable to National Union.

## COUNT II:  BREACH OF INSURANCE CONTRACT

**57.**

Preis & Roy adopts, realleges, and incorporates the preceding allegations of this Counterclaim as if copied herein *in extenso*.

**58.**

Preis & Roy entered into a binding insurance contract with Westport.

**59.**

Preis & Roy complied with its obligations under the contract.

**60.**

Preis & Roy submitted timely notice of the claims asserted against it by National Union to Westport in accordance with the terms of the Policy.

**61.**

National Union's claims were first made against Preis & Roy in May 2007 and reported by Preis & Roy to Westport in May 2007 during the Policy Period.

**62.**

Coverage is available for the claims asserted by National Union and said claims are not excluded under the Policy.

**63.**

Nonetheless, Westport has breached its obligations under the Policy by asserting coverage defenses which it knows, or should know, are either waived and/or inapplicable under the undisputed facts.

**64.**

Westport's actions are without reasonable justification and in breach of Westport's obligations under the Policy.

**65.**

The breach of the Policy by Westport has caused reasonably foreseeable harm to Preis & Roy.

**COUNT III:**
**<u>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>**

**66.**

Preis & Roy adopts, realleges, and incorporates the preceding allegations of this Counterclaim as if copied herein *in extenso*.

**67.**

Westport owes a duty of good faith and fair dealing to Preis & Roy in connection with the Policy and the handling and adjustment of claims and losses thereunder.

**68.**

Westport's actions have violated, and continue to violate, the provisions of Louisiana Revised Statutes §§ 22:1892 and 22:1973.

**69.**

Westport has violated its duties and obligations to Preis & Roy.

**70.**

The actions of Westport are without reasonable justification and without basis in fact or law and constitute intentional, malicious, arbitrary, capricious, and/or egregious behavior.

**71.**

The breaches of the duty of good faith and fair dealing by Westport have injured and will continue to cause Preis & Roy to incur damages in an amount to be proven at trial.

**72.**

As a result of these breaches, Preis & Roy is entitled to recover not only its losses, damages, and expenses, but also those additional or special damages (including attorneys fees and statutory penalties) allowed pursuant to applicable state law, including, but not limited to, those penalties available pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973, and/or any similar counterparts of any other applicable statutes, rules or regulations.

**WHEREFORE**, Defendant and Plaintiff in Counterclaim, Preis & Roy, P.L.C., prays that, after due proceedings are had, that the claims asserted by Westport Insurance Corporation in its Complaint for Rescission be dismissed with prejudice.  Preis & Roy, P.L.C. further prays that there be judgment rendered in favor of Preis & Roy, P.L.C. and against Westport Insurance Corporation, on all claims asserted in the Counterclaim, for damages, penalties, attorney's fees and costs, and for any and all other equitable relief due to Preis & Roy, P.L.C.

Respectfully submitted,

*/s/ Joelle F. Evans*
Kyle Schonekas, 11817
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, McGOEY &
    McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana  70112
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
kyle@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

Attorneys for Plaintiff, Preis & Roy, P.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by placing same in the United States mail, postage prepaid and properly addressed, to any non-CM/ECF participants.

*/s/ Joelle F. Evans*
JOELLE F. EVANS