**AIG** **Global Marine and Energy**

2929 Allen Parkway, Suite 1300
Houston, TX 77019-2128
(713) 342-7376
(713) 831-5383 Fax

May 1, 2007

<u>**VIA CERTIFIED MAIL**</u>
Mr. Frank A. Piccolo
Preis, Kraft and Roy
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130

Re:  *Newell H. Andry v. Murphy Oil USA, Inc.*
     34th JDC, St. Bernard Parish Docket NO. 77-132, et al

Dear Mr. Piccolo:

Please be advised that National Union Fire Insurance Company of Pittsburgh, PA has retained counsel to pursue, if necessary, legal malpractice claims against your firm and its former employee, Mr. Michael deBlanc, Jr., in connection with Mr. deBlanc's handling of the matter referenced above.

The errors and omissions on Mr. deBlanc's behalf identified to date include, but are not necessarily limited to, his failure to properly protect National Union's subrogation rights with regard to the sums paid by it to Murphy Oil for certain insured property losses and related damages, and his failure to keep National Union adequately apprised of relevant developments relating to the matter referenced above. Specifically, under the Memorandum of Settlement Agreement with Murphy Oil that was signed by Mr. deBlanc on behalf of National Union and other insurers, the insurers were to receive 35% of any recovery realized from the (1) uninsured property and business interruption claim of Murphy Oil; (2) insured claim paid by the insurers; and (3) $7,300,000 paid by Murphy Oil for the underlying class action settlement. The matter then went to trial beginning in September 2003, and Judgment was entered on July 21, 2004. On appeal, as you are likely aware, the Fourth Circuit held on June 14, 2006, that the Judgment, among other things, improperly awarded damages for the monies paid for the class action settlement because no evidence establishing the appropriateness of those sums paid was introduced. For some unexplained reason, the separate subrogation action caption (No. 79-581) was NOT identified in the caption of the Judgment entered by the District Court on July 21, 2004, and the Judgment itself failed to refer to the insurers or their separate subrogation action. These errors and omissions occurred while Mr. deBlanc, acting in the course and scope of his employment with your firm, was responsible for the file, and they ultimately became fatal to the recovery by National Union of its subrogated interest. As a result of the errors and/or omissions of Mr. deBlanc, National Union has sustained monetary damages in an amount not less than $583,126.

Exhibit
1-A

Please place all potential insurers who provide or provided liability or professional errors and omissions coverage to you on notice of our claim as described above, and have them contact me within ten (10) days of the date of this letter to discuss possible resolution. National Union would prefer to resolve this amicably without the need for litigation, but is prepared to take all necessary actions to protect its interest if a quick settlement cannot be achieved.

Sincerely,

AIG GLOBAL MARINE AND ENERGY

*John E. Roberts/eju*

John E. Roberts – Claims Management
Assistant Vice President