CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-5331

DIVISION

FILED

2007 JUN -5 P 1:5

DISTRICT COURT

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

VERSUS

MICHAEL DEBLANC AND PREIS & ROY f/k/a/ PREIS, KRAFT AND ROY
AND JOHN DOES 1 THROUGH 10

FILED: _____                    _____
                                          DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of National Union Fire Insurance Company of Pittsburgh, PA, a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana, with respect, represents as follows:

## PARTIES

I.

Plaintiff herein, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation having its principal place of business located in Harrisburg, Pennsylvania.

II.

Made defendant herein is Michael deBlanc ("deBlanc"), a person of the full age of majority and a resident of New Orleans, Louisiana who may be served with process at his home located at 3000 Magazine Street, Apt. 302, New Orleans, Louisiana, or at his place of business, Larzelere Picou Wells Simpson Lonero, LLC, 3850 N. Causeway Blvd., Lakeway 2, Suite 1100, Metairie, Louisiana.

III.

Made defendant herein is Preis & Roy f/k/a Preis, Kraft and Roy ("Preis"), a Louisiana professional law corporation domiciled in Lafayette, Louisiana, having its principal place of business at 102 Versailles Boulevard, Suite 400, Lafayette, Louisiana. Preis also does business at the Pan American Life Center, 601 Poydras Street, Suite 1700, New Orleans, Louisiana, the location at which a significant portion of the acts and omissions described herein occurred. Preis may be served with process at its principal place of business located at 102 Versailles Boulevard, Suite 400,

-1-

Exhibit 2-A

Lafayette, Louisiana, or through service upon one of its' registered agents: Edwin G. Preis, Jr., 304 Old Settlement Road, Lafayette, Louisiana; or L. Lane Roy, 106 Wembley Road, Lafayette, Louisiana.

### IV.

John Does 1 through 10 are individuals or entities believed to have engaged in wrongful conduct against National Union or to be vicariously liable for such conduct whose correct identities are currently unknown. All allegations and claims asserted herein against the Defendants are incorporated by reference against John Does 1 through 10. Said John Does will be identified by name in this action as may become necessary pursuant to the Louisiana Code of Civil Procedure upon National Union learning of their true and correct identities.

## SUBJECT MATTER AND PERSONAL JURISDICTION

### V.

This Court has jurisdiction over the subject matter and over the person of the Defendants in this cause pursuant to the applicable laws and statutes of the State of Louisiana.

## VENUE

### VI.

Venue is proper in Orleans Parish, as at least one of the Defendants resides in the parish, a significant portion of the Defendants' wrongful acts and omissions occurred in the parish, and National Union suffered damages in the parish as a result of the Defendants' wrongful acts.

## FACTS AND PROCEDURAL HISTORY

### The Underlying Actions

### VII.

On July 27, 1995, an explosion and fire occurred at a refinery owned and operated by Murphy Oil USA, Inc. ("Murphy Oil") located in Meraux, Louisiana. At the time of the explosion and fire, National Union and others insurers[1] provided property and business interruption coverage for the refinery. The explosion and fire caused damage not only to refinery property, but also to property owned by others near the refinery.

---

[1] For the purposes of this Complaint, National Union and the other property insurers will sometimes collectively be referred to as "the Underwriters."

-2-

## VIII.

Later in the day on which the explosion and fire occurred, the first of several class action lawsuits were filed against Murphy Oil. These lawsuits, which were filed by individuals who owned property near the refinery (the "Class Plaintiffs"), sought recovery for damages suffered as a result of the explosion and fire. These class action lawsuits were ultimately consolidated into one matter styled *Newell Andry, et al. v. Murphy Oil USA, Inc.*, Civil Action No. 77-132, 34th Judicial District Court, Division "D," Parish of St. Bernard, State of Louisiana (the "Andry suit").

## IX.

In 1996, the Underwriters filed a separate action (the "separate subrogation action") in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana (the "34th JDC") against, *inter alia*, Louisiana Power and Light Company, now known as Entergy ("Entergy"). In that action, which was assigned Civil Action No. 79-581, the Underwriters alleged that the wrongful acts of Entergy (and others) caused or contributed to the cause of the explosion and fire at the Murphy Oil refinery, and the Underwriters sought to recover the insurance proceeds paid by them to Murphy Oil for the insured losses suffered by Murphy Oil as a result of the explosion and fire.

## X.

An agreement to settle the claims asserted against Murphy Oil by the Class Plaintiffs in the Andry suit was reached and finalized in the later part of 2002. Under the terms of this agreement, Murphy Oil paid $7,300,000 to the Class Plaintiffs to resolve their claims.

## XI.

Prior to resolution of the Class Plaintiffs' claims, Murphy Oil asserted third party claims in the Andry suit against Entergy and others (the "third party claims") wherein Murphy Oil alleged that the wrongful acts of those parties caused or contributed to the cause of the explosion and fire at its Meraux refinery. Through these claims, Murphy Oil sought to recover, *inter alia*, the $7,300,000 it paid to settle the Class Plaintiffs' claims, as well as its insured and uninsured property and business interruption losses.

XII.

On or about August 19, 2002, the Underwriters and Murphy Oil entered into a Memorandum of Settlement Agreement ("MSA"). Defendant deBlanc executed the MSA on behalf of the Underwriters. Through the MSA, the Underwriters assigned to Murphy Oil an interest in their subrogated claim for the insurance proceeds they paid to Murphy Oil for its insured losses; and pursuant to the terms of that agreement, the Underwriters joined and/or intervened in the Murphy Oil third party claims. Under the terms of the MSA, the Underwriters were responsible for a specified portion of costs incurred in prosecuting the third party claims, and would receive 35% of any sums recovered by Murphy Oil on those claims. Pursuant to its separate agreement with the other Underwriters, National Union would receive 42.25% of any recovery realized by the Underwriters on the third party claims.

XIII.

The trial court in the Andry suit held a bench trial on the third party claims from September 22, 2003 through November 12, 2003. On October 9, 2003, during the course of trial, the parties entered into a Stipulation as to Damages ("Stipulation"). *See* Exhibit "A." Defendant deBlanc executed the Stipulation on behalf of the Underwriters. *Id.* The parties stipulated that Murphy Oil suffered insured property damage and business interruption losses in the amount of $5,503,158, and uninsured losses in the amount of $3,045,991[2]. *Id.* The parties further stipulated that the Stipulation was without prejudice to Murphy's third party claim which sought recovery of the $7,300,000 it paid to settle the consolidated class action lawsuit. *Id.*

XIV.

On July 21, 2004, the Andry trial court entered a Judgment and Reasons for Judgment in which it, *inter alia*, found Entergy 40% at fault for the explosion and fire at the Murphy Oil refinery. *See* Exhibit "B." The trial court further found that the sum of all damages suffered by Murphy Oil was $16,110,598 "as stipulated by the parties"[3] and awarded a Judgment in favor of Murphy Oil and against Entergy in the amount of $6,444,239.20, this amount representing 40% of $16,110,598. *Id.* The Judgment represented, albeit with a mathematical error, an award to Murphy Oil of 40% of its

---

[2] These amounts total $8,549,149.
[3] In reaching this figure, the trial court apparently made a mathematical error. When added together, Murphy Oil's stipulated insured and uninsured losses ($8,549,149) and the $7,300,000 it paid to settle the

-4-

stipulated insured and uninsured losses ($5,503,158 and $3,045,991 respectively), and 40% of the $7,300,000 it paid to settle the consolidated class action lawsuit.

XV.

Neither the Judgment nor Reasons for Judgment awarded any damages to the Underwriters, notwithstanding their joinder/intervention and interest in the claims on which the Judgment was rendered. *Id.* In fact, those pleadings did not even identify the Underwriters or their interest in the subject claims, did not discuss the MSA and effects thereof, and did not discuss or identify the separate subrogation action previously filed by the Underwriters. *Id.*

XVI.

Entergy appealed the Judgment entered against it and in favor of Murphy Oil to the Louisiana Fourth Circuit Court of Appeals ("Fourth Circuit"). On June 14, 2006, the Fourth Circuit issued its decision in which it affirmed the trial court's holding that Entergy was 40% at fault for the explosion and fire at the Murphy Oil refinery, but reduced the amount of the Judgment against Entergy to $1,218,396.40, that sum representing 40% of Murphy Oil's stipulated uninsured losses.

### The Defendants' Representation of National Union and the other Underwriters

XVII.

Prior to the year 2001, Defendant deBlanc, an attorney licensed to practice law by the State of Louisiana, began serving as legal counsel for National Union and the other Underwriters in the Andry suit. This representation, which included representation of the Underwriters in the proceedings in the 34th JDC and the Fourth Circuit, continued without interruption until June 27, 2006. DeBlanc represented the Underwriters at the trial of the third party claims, and he filed written submissions with the Fourth Circuit on behalf of the Underwriters.

XVIII.

From the inception of his representation of the Underwriters in the Andry suit, up until approximately November 30, 2003, deBlanc was employed by the McGlinchey Stafford law firm in New Orleans, Louisiana ("McGlinchey"). Upon information and belief, deBlanc engaged in the solo practice of law for several months following the conclusion of his employment with McGlinchey. DeBlanc was counsel for National Union and the other Underwriters in the Andry suit during this

---

consolidated class action lawsuit total $15,849,149; $261,449 less than the amount of damages the trial court ruled had been stipulated to by the parties.

entire period of time.

### XIX.

On or about January 31, 2004, deBlanc took possession of the Andry suit case files from McGlinchey. On February 3, 2004, the trial court entered an Order allowing McGlinchey to withdraw from its representation of the Underwriters in the Andry suit. McGlinchey resumed its representation of the Underwriters on June 27, 2006. From February 3, 2004 until June 27, 2006, deBlanc was counsel for National Union and the other Underwriters in the Andry suit.

### XX.

In February or March, 2004, Defendant deBlanc began employment with Defendant Preis. Upon information and belief, deBlanc worked in Preis' New Orleans office from the inception of his employment with that firm, until Hurricane Katrina struck on August 29, 2005. DeBlanc's employment with Preis ended sometime in the first half of 2006. During the entire time that he was employed by Preis, deBlanc was counsel for National Union and the other Underwriters in the Andry suit.

## ALLEGATIONS

### Count I.

### XXI.

**DeBlanc committed legal malpractice by submitting and allowing entry of a faulty Judgment and Reasons for Judgment**

National Union incorporates by reference the preceding paragraphs as if fully set forth herein.

### XXII.

In July, 2004, deBlanc submitted and/or allowed to be submitted to the Andry trial court a proposed Judgment and Reasons for Judgment. On July 21, 2004, the trial court entered the Judgment and Reasons for Judgment in substantially the same form as was initially submitted to it.

### XXIII.

The Judgment and Reasons for Judgment submitted to and entered by the Andry trial court failed to provide for recovery by National Union and the other Underwriters of any of the insurance proceeds they paid to Murphy Oil as a result of the subject explosion and fire. *Id.* Furthermore, those pleadings failed to mention the Underwriters or their separate subrogation action, failed to mention the Underwriters joinder/intervention or interest in the subject claims, and failed to protect

--6--

the legal rights of the Underwriters to recover any of the sums paid by them to Murphy Oil for its insured losses.

XXIV.

These deficiencies in the Judgment and Reasons for Judgment are the proximate result of negligent acts and omissions committed by deBlanc while he was counsel for National Union and the other Underwriters in the Andry suit.

XXV.

As a proximate result of the deficiencies in the Judgment and Reasons for Judgment, the rights of National Union to recover a portion of the sums paid by it to Murphy Oil for its insured losses were extinguished. But for the acts and omissions of deBlanc as described herein, National Union would have recovered those sums from Entergy in the Andry suit.

XXVI.

In committing the acts and omissions described herein, deBlanc materially failed to exercise the degree of care, skill and diligence exercised by prudent attorneys practicing in his locality.

XXVII.

DeBlanc's acts and omissions as described herein occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis. As such, Preis is vicariously liable for any and all damages suffered by National Union as a proximate result of deBlanc's negligent conduct.

Count II.

**DeBlanc committed legal malpractice by failing to attempt to remedy the faulty Judgment and Reasons for Judgment once those pleadings had been entered**

XXVIII.

National Union incorporates by reference the preceding paragraphs as if fully set forth herein.

XXIX.

After the faulty Judgment and Reasons for Judgment were entered by the Andry trial court, deBlanc made no effort to have the critical deficiencies in those pleadings remedied. DeBlanc did so notwithstanding that he knew or should have known that said deficiencies would ultimately prove fatal to the rights of National Union and the other Underwriters to recover from Entergy in the Andry suit a portion of the sums paid by them to Murphy Oil for its insured losses.

--7--

XXX.

DeBlanc's negligent failure to attempt to remedy the deficiencies in the Judgment and Reasons for Judgment occurred while he was counsel for National Union and the other Underwriters in the Andry suit.

XXXI.

As a proximate result of deBlanc's failure to attempt to remedy the deficiencies in the Judgment and Reasons for Judgment, the rights of National Union to recover a portion of the sums paid by it to Murphy Oil for its insured losses were extinguished. But for the negligent acts and omissions of deBlanc as described herein, National Union would have recovered those sums from Entergy in the Andry suit.

XXXII.

In failing to attempt to remedy the deficiencies in the Judgment and Reasons for Judgment, deBlanc materially failed to exercise the degree of care, skill and diligence exercised by prudent attorneys practicing in his locality.

XXXIII.

DeBlanc's failure to attempt to remedy the deficiencies in the Judgment and Reasons for Judgment occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis. As such, Preis is vicariously liable for any and all damages suffered by National Union as a proximate result of deBlanc's negligent conduct.

### Count III.

**DeBlanc committed legal malpractice by failing to establish and/or ensure the establishment of the reasonableness of the class action settlement**

XXXIV.

National Union incorporates by reference the preceding paragraphs as if fully set forth herein.

XXXV.

Although they did not contribute any of the funds paid by Murphy Oil to settle the claims asserted against it by the Class Plaintiffs, the Underwriters, pursuant to the MSA, were to receive 35% of any Judgment awarded to Murphy Oil on its claim to recover those sums. As such, the Underwriters had a legal interest in that claim, and deBlanc, as their counsel, had an obligation to protect that interest.

--8--

XXXVI.

Although the Andry trial court entered Judgment against Entergy for 40% of the $7,300,000 paid by Murphy Oil to settle the Class Plaintiffs' claims, the Fourth Circuit reversed that Judgment because it had not been presented with any evidence to establish the appropriateness of the settlement amount.

XXXVII.

By failing to present such evidence and/or ensuring that such evidence was presented to the court, and by failing to otherwise establish the reasonableness of the subject settlement, deBlanc failed to protect the interest of National Union and the other Underwriters in Murphy Oil's claim to recover the sums it paid to settle the Class Plaintiffs' claims.

XXXVIII.

DeBlanc's negligent failure to protect the interest of National Union and the other Underwriters in Murphy Oil's claim to recover the sums it paid to settle the Class Plaintiffs' claims occurred while deBlanc was counsel for National Union and the other Underwriters in the Andry suit.

XXXIX.

As a proximate result of deBlanc's negligent acts and omissions as described herein, National Union's rights to recover a portion of the sums paid by Murphy Oil to settle the Class Plaintiffs' claims were extinguished. But for deBlanc's acts and omissions, National Union would have recovered those sums from Entergy in the Andry suit.

XL.

In committing the acts and omissions described herein, deBlanc materially failed to exercise the degree of care, skill and diligence exercised by prudent attorneys practicing in his locality.

XLI.

DeBlanc's acts and omissions as described herein occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis. As such, Preis is vicariously liable for any and all damages suffered by National Union as a proximate result of deBlanc's negligent conduct.

### Count IV.

### DeBlanc committed legal malpractice by failing to keep National Union and the other Underwriters properly apprised of matters regarding the Andry suit

#### XLII.

National Union incorporates by reference the preceding paragraphs as if fully set forth herein.

#### XLIII.

As counsel for National Union and the other Underwriters, deBlanc had a duty to keep his clients apprised of any pertinent events occurring in connection with the Andry suit.

#### XLIV.

DeBlanc breached this duty when he negligently failed to advise National Union and the other Underwriters of the deficiencies in the Judgment and Reasons for Judgment, the need to correct those deficiencies, and the consequences of failing to do so. DeBlanc further breached this duty when he negligently failed to keep his clients apprised of other pertinent events occurring during the pendency of the Andry suit.

#### XLV.

These breaches occurred while deBlanc was counsel for National Union and the other Underwriters in the Andry suit.

#### XLVI.

As a proximate result of deBlanc's breaches, National Union's rights to recover a portion of the sums paid by Murphy Oil to settle the Class Plaintiffs' claims and a portion of Murphy Oil's insured losses were extinguished. But for deBlanc's breaches, National Union would have recovered those sums from Entergy in the Andry suit.

#### XLVII.

In committing the breaches described herein, deBlanc materially failed to exercise the degree of care, skill and diligence exercised by prudent attorneys practicing in his locality.

#### XLVIII.

DeBlanc's breaches occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis. As such, Preis is vicariously liable for any and all damages suffered by National Union as a proximate result of deBlanc's negligent

-10-

conduct.

## DAMAGES

### XLIX.

National Union incorporates by reference the preceding paragraphs as if fully set forth herein.

### L.

As a proximate result of deBlanc's negligent acts, omissions and breaches as described herein, the Judgment entered by the 34th JDC was substantially reduced on appeal by the Fourth Circuit.

### LI.

The correct amount of the Judgment entered by the 34th JDC against Entergy is $6,339,659.60. The amount of the Judgment affirmed by the Fourth Circuit is $1,218,396.40. Of the $5,121,263.20 by which the Judgment was reduced on appeal, National Union would have received the principal amount of $583,126.21 pursuant to the MSA and its separate agreement with the other Underwriters.

### LII.

As a proximate result of deBlanc's negligent acts, omissions and breaches as described herein, National Union has been damaged in the principal amount of $583,126.21, exclusive of interest, fees and costs.

### LIII.

Because deBlanc's wrongful conduct occurred while he was acting in the course and scope of his employment with Preis, and in furtherance of the business interests of Preis, Preis is vicariously liable for any and all damages suffered by National Union as a proximate result of deBlanc's negligent conduct.

### LIV.

DeBlanc and Preis are jointly and severally liable to National Union for damages in the principal amount of $583,126.21, exclusive of interest, fees and costs.

WHEREFORE, Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, prays for a trial by jury, and that Defendants, MICHAEL deBLANC and PREIS & ROY, f/k/a PREIS, KRAFT AND ROY, be served with a copy of this Petition for Damages filed

herein and cited to appear and answer same, and that after all legal delays have elapsed and due proceedings had, there be a judgment rendered herein in favor of the Plaintiff and against all Defendants, severally and in solido, in an amount of damages which may be reasonable considering the premises, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

*[signature]*

J. DOUGLAS SUNSERI (#19173)
DAWN DANNA MARULLO (#28011)
SVETLANA "LANA" CROUCH (#29814)
NICAUD, SUNSERI & FRADELLA, L.L.C.
A Group of Professional Law Corporations
3000 18TH Street
Metairie, Louisiana 70002
Telephone: (504) 837-1304

Attorneys for Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

PLEASE SERVE:

Michael deBlanc
3000 Magazine Street
Apartment 302
New Orleans, LA

Preis & Roy
through its agent for service of process:
Edwin G. Preis, Jr.
304 Old Settlement Road
Lafayette, LA

*[signature]*
DEPUTY CL...
PARISH OF ORLEANS
STATE OF LA.

-12-