EDWIN G. PREIS, JR.*
L. LANE ROY*
JENNIFER E. MICHEL*
RICHARD J. HYMEL*
ROBERT M. KALLAM*
FRANK A. PICCOLO*
JOHN M. RIBARITS*
CATHERINE M. LANDRY*
JAMES A. LOCHRIDGE, JR.*
CHARLES J. BOUDREAUX, JR.*
DAVID L. PYBUS*
DAVID M. FLOTTE*
LEAH NUNN ENGELHARDT*
FRANCIS A. COURTENAY, JR.*
DANIELLE M. SMITH*
JEFFREY A. RIGGS*
JOSEPH E. LEE III*
JENNIFER A. WELLS*
JONATHAN L. WOODS*
M. BENJAMIN ALEXANDER*
TABITHA R. DURBIN*
HILARY A. FRISBIE*
CARL J. HEBERT*
KEVIN T. DOSSETT*
RICHARD T. FASS*
MICHAEL S. LITTLE*
MARJORIE C. NICOL*
KRISTOPHER STOCKBERGER*
KENNETH H. TRIBUCH*
WILLIAM W. FITZGERALD*
MICHAEL J. PRATHER*
J. MICHAEL FUSSELL, JR*
BARBARA A. OLINDE*
MATTHEW S. GREEN*
MELISSA B. CARUSO*
ELIZABETH A. HUNT*
JENNIFER J. COUSSAN*
LUCAS S. COLLIGAN*
BRANDEE KETCHUM*
MARGARET A. LALANDE*
ALYSE S. RICHARD*
EZRA L. FINKLE*
CHRISTOPHER C. MEEKS*
JOHN C. GETTY*
JAIME F. LANDRY*
ANTHONY J. LASCARO*
ERIC J. ALLEN*

# PREIS & ROY

(A PROFESSIONAL LAW CORPORATION)
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE'
SUITE 400
102 VERSAILLES BOULEVARD

## LAFAYETTE, LOUISIANA 70509

TELEPHONE 337.237.6062
TELEFAX 337.237.9129
E-mail pr@preisroy.com
www.preisroy.com

NEW ORLEANS
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

HOUSTON
WESLAYAN TOWER
24 GREENWAY PLAZA
SUITE 2050
HOUSTON, TEXAS 77046
TELEPHONE 713.355.6062
TELEFAX 713.572.9129

ADMITTED TO PRACTICE IN LOUISIANA ONLY
ADMITTED TO PRACTICE IN TEXAS ONLY
ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
ADMITTED TO PRACTICE IN LOUISIANA AND ARIZONA
ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS AND RHODE ISLAND

March 19, 2010

Mr. David Marseille
Vice President
Commercial Insurance
Westport Insurance Company
5200 Metcal
Overland Park, KS 66201

*Via E-mail Only*
david_marseille@swissre.com

      RE:   Claim No: 2028056
            Policy No.: WLW308004446501
            Insured: Preis & Roy
            Claimant: National Union Fire Insurance Company of Pittsburgh, PA
            OFN: 9300-14572

Dear Mr. Marseille:

    I have yours of March 16 and note the contents of that letter, specifically the reservation of rights now asserted by Westport Insurance Corporation. You also indicate that at this point in time, further defense of this case is going to be at the expense of Preis & Roy rather than that of Westport. We write to tell you that we disagree as to both positions, and to explain why.

EXHIBIT 5

PREIS & ROY

Mr. David Marseille
March 19, 2010
Page 2

---

First, we want you to know that no reservation of rights has ever been issued in this matter, despite the fact that the suit has been pending for over three years, and was handled for that entire time by Peggy Kleinschmidt of the Westport office in Chicago. We had many contacts with Peggy Kleinschmidt, she got all the information that was required, and seemed very knowledgeable to me. She never thought on behalf of your company that the reservation of rights for "late notice" should be sent, and never sent it. In fact, there was never any discussion of same.

Further, the late notice that you claim is, in my judgment, not late. You should know it, and would know if you looked at the policy history in this matter, that this firm was insured by Westport for approximately twelve straight years, ending about six months ago. Thus, whether the matter was reported during the '06 to '07 policy, or one before or after that, the coverage was the same, the firm was the same, and the policy was the same. Your company wrote the policy, the deductibles were the same, and there is absolutely no detriment in my judgment to notification to your company, even if it were late, and I suggest to you that it was not.

What happened here is that when Michael DeBlanc came to our firm, he brought the underlying case with him. We knew that he did. He had handled it as his prior firm, along with another partner there, and brought it to our firm with an agreement that the eventual fee on the matter was going to have to be split between the two firms.

After DeBlanc came with the firm, which was in the spring of 2004, a decision from the trial court came about, and the trial judge contacted one of the counsel, Mr. Frilot, to prepare the Judgment. In that Judgment, there was an attribution of fault among Entergy, Murphy, and Walworth. Thus, Underwriters were, under that Judgment, entitled to collect forty percent of the damages given the prior settlement with Walworth, since Walworth was cast with forty percent of the fault.

Frilot then submitted the Judgment to the Court without sending it to other counsel for review or input. The Court signed the same without any counsel's input or review, and simultaneously issued Reasons for Judgment. When Michael

DeBlanc subsequently received a copy of the Judgment, he noted that it did not list any positive award for the Underwriters, who he represented, and that it just stated the Judgment was in favor of Murphy. He reasoned however that because Murphy and the Underwriters were also treated as one entity, both by the Court and by all of the other Defendants, the Judgment made sense as written and he made a conscious decision at that point in time that the Judgment was satisfactory.

Entergy then appealed the Judgment, arguing that the Judgment was limited to the damages suffered by Murphy, not Underwriters, and that Murphy and Underwriters did not put on any evidence of the reasonableness of the $7.3 million class action settlement. DeBlanc adopted Murphy's response brief in the matter and felt confident, and discussed with us who we also felt confident, that the Court of Appeal would resolve the issue, appropriately rendering a decision that would apportion damages recoverable by Underwriters. It was only when that did not take place that DeBlanc and therefore our firm, became somewhat alarmed. Even after that, DeBlanc believed, and we think reasonably so, that the matter was going to be resolved by agreement among counsel when the payment of the Judgment amount came about. It did not do so and we subsequently got a demand from National Union, which we immediately sent to your firm and this file was opened.

The above is an accurate chronology, it is one which Peggy Kleinschmidt knew about from the very start, and we think reasonably indicates that we turned in the claim to your company when he had a reasonable belief that there was going to be a claim made against us. We had nothing to hide, we did not hide anything, and we turned the claim in in a manner that we think was appropriate. We see no detriment to you company in any way, and as we have said, the policy we had with your company was always in place until about six months ago, from about twelve years ago, and in addition to that, we were panel counsel for your firm in this area.

The result of the above is that I believe that the reservation of rights indicating that there was late notice, is not valid and should be withdrawn.

Further, the statement that your company will no longer be responsible for defense costs in this matter is without justification in any way. The policy

PREIS & ROY

Mr. David Marseille
March 19, 2010
Page 4

---

provides for defense, whether or not there is coverage under the policy, as long as there is a colorable claim that is being made against the insured, and clearly there is in this matter. I ask that you reconsider the statement regarding the defense costs, and withdraw your statement, picking up defense costs as the policy requires.

I further recommend that if you do not agree with my observations, you take it up with a supervisor of your company. While I am certain that you are capable, my belief is that the current actions that you have taken are absolutely incorrect, and violate the contract of insurance and its provisions that obligate your company as well as our firm, and also provide certain benefits to us. Additionally, I conside the position that your company has taken to be in bad faith.

I hope to hear from you shortly on this matter and am happy to discuss it with you at any time. Please know that if your company's position remains as is presently stated, that we will be filing a third party action against your company, claiming defense and indemnity and also claiming bad faith and the statutory damages in connection with it.

With kind regards, I remain

Very truly yours,

PREIS & ROY

L. LANE ROY

LLR/ymh/#1587576
cc: Mr. Edwin G. Preis, Jr. (Firm)
    Mr. Frank A. Piccolo (Firm)