UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION | CIVIL ACTION |
| VERSUS | NO: 11-2741 |
| PREIS & ROY, P.L.C. | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Preis & Roy's Counterclaim and, in the Alternative, To Stay (Rec. Doc. 17)** filed by plaintiff/counterclaim-defendant Westport Insurance Corporation. Plaintiff-in-counterclaim, Preis & Roy, P.L.C., opposes the motion. The motion, scheduled for submission on April 25, 2012, is before the Court on the briefs without oral argument.

This matter arises out of a legal malpractice claim that has been pending in state court for five years. On June 5, 2007, National Union Fire Insurance Co. filed suit against attorney Michael Deblanc and his former firm, Preis & Roy, alleging that Deblanc had committed legal malpractice in conjunction with representing National Union in the aftermath of the 1995 Murphy Oil refinery explosion in Mereaux, Louisiana. Discovery will conclude in the state court malpractice suit in August of this year, at which time a date for the trial of the merits will be

1

selected.

Westport Insurance, plaintiff herein, was Preis's long time errors and omissions insurer, including during the times pertinent to the underlying legal malpractice lawsuit. Westport agreed to defend Preis and also agreed to assign Preis's chosen counsel. Westport contends that it determined during the course of discovery that certain coverage defenses might apply so it reserved its rights to deny coverage although it did not withdraw its defense of the malpractice suit.

The parties tried numerous times during 2011 to mediate the case to no avail. Preis contends that Westport has refused to negotiate in good faith toward resolving National Union's claims, looking instead to its various coverage defenses. On November 4, 2011, Westport filed the instant lawsuit seeking to have the policy rescinded due to misrepresentations that Preis allegedly made on the policy application. Westport filed its complaint after Preis had already sought leave to file a third party demand against Westport in the state court litigation. On March 9, 2012, Preis filed its counter-claim against Westport in this Court.

Preis's counter-claim contains three counts. Count I is for declaratory relief on the issues of whether 1) Westport has waived its coverage defenses, 2) Westport's policy provides coverage for National Union's claims against Preis in state

court, 3) any policy exclusions apply, 4) Westport has waived its right to seek rescission, and 5) Westport is obligated to defend and indemnify Preis in conjunction with National Union's lawsuit. Count II is a claim that Westport breached the insurance contract by asserting coverage defenses that are not valid. And Count III is a claim for statutory penalties under La. R.S. §§ 22:1892 and 22:1973.

Preis's state court third-party demand against Westport is narrower in scope, encompassing only the breach of contract and statutory penalty claims.[1] The third-party demand does not address any of the coverage, waiver, or exclusion issues addressed in Preis's counter-claim.

Via the instant motion, Westport moves the Court to dismiss Preis's counter-claim arguing that the claims are not ripe for adjudication because there has been no liability finding against Preis in state court, and therefore, nothing to indemnify. Alternatively, Westport argues that Preis's counter-claim should be stayed pending the outcome of the legal malpractice claim in state court. Under the Declaratory Judgment Act, district courts have discretion to refuse to rule on the duty to indemnify pending completion of the underlying litigation. See Northfield

---

[1] Preis attempts to distinguish the breach of contract and penalty counts in the counter-claim from those in the third party demand but Preis's arguments in this vein are rather unconvincing.

3

Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 536-37 (5th Cir. 2004).

Given that Westport does not suggest that its own rescission claim should be pursued in the state court litigation or stayed, which this Court is persuaded would be the most efficient approach, the Court sees no reason to stay, much less dismiss, Preis's counter-claims. Certain aspects of Preis's counter-claim, such as the waiver claims, will likely be resolved independently of any further factual development that takes place in the underlying legal malpractice case. The same might very well be true as to the coverage and exclusion issues, although that question is not as clear at this time. And as Preis points out, if the Court determines the waiver issues in its favor then the indemnification question becomes pretty clear.

The Court DENIES Westport's motion because the Court is persuaded that discovery in this case will proceed far more efficiently as to all claims at one time. Trial in this case is a year away and the state court case has already been pending for five years. Staying certain claims in a piecemeal fashion would only serve to delay the litigation longer, particularly the claims pending before this Court.

Nonetheless, the Court agrees that certain of Preis's claims are not ripe for adjudication even though the Court will not formally stay the claims. For instance, given that Westport is

4

providing a defense to Preis, the Court is not persuaded that a breach of contract claim is ripe even though Preis attempts to premise its breach of contract claim on the assertion that Westport's reservation of rights constitutes a breach. The Court also tends to agree that the statutory penalty claims are not ripe at this time. And it still remains possible that some claims that appear ripe at this time might have to await the outcome in the state court. But all this means is that the Court would decline to entertain dispositive motions on these issues. It does not mean that discovery and attempts at settlement cannot proceed as to all the claims. Given that trial in this Court is a year away, and given that the Court can always decline to entertain a motion for summary judgment if the claim truly seems unripe at the time, the Court can only discern negative consequences from a stay.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Preis & Roy's Counterclaim and, in the Alternative, To Stay (Rec. Doc. 17)** filed by plaintiff/counterclaim-defendant Westport Insurance Corporation is **DENIED**.

May 15, 2012

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE